IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, <br><br>   *Plaintiff,* <br><br> v. <br><br> MRH CONTRACTOR, INC., <br><br>   *Defendant.* | CIVIL ACTION <br> NO. 23-1567 |

Pappert, J.                                                                                          August 22, 2024

## MEMORANDUM

   Hartford Casualty Insurance Company sued MRH Contractor, Inc. over MRH's failure to pay premiums owed under a workers' compensation insurance policy. MRH never responded to the complaint, so Hartford requested and obtained an entry of default. Hartford now moves for default judgment in the amount of $77,442.71, and for the reasons that follow, the Court grants the motion.

I

   Hartford issued workers' compensation insurance to MRH and MRH agreed to pay premiums based on its estimated payroll, number of employees and applicable employee classification codes. (Compl. ¶¶ 6, 7, ECF No. 2). The initial premiums were based on the information MRH provided, but were subject to adjustment after an audit by Hartford. (*Id.* ¶ 8). Hartford conducted such an audit for the 2019-2020 term, with which MRH refused to comply, and determined MRH owed additional premiums of $16,912.67. (*Id.* ¶ 9). Hartford conducted another audit for the 2020-2021 term, which

1

MRH again refused to participate in, and determined MRH owed additional premiums of $60,530.04, for a total of $77,442.71. (*Id.* ¶¶ 9, 12).

Hartford filed its complaint on April 24, 2023, asserting breach of contract, account stated and unjust enrichment claims. (*Id.* ¶¶ 14–27). After MRH failed to respond, Hartford sought and obtained an entry of default, (ECF No. 7), and subsequently filed a motion for default judgment. (ECF No. 8). The Court denied Hartford's previous motion without prejudice, finding it had failed to allege that service of process was properly effectuated. (ECF No. 10).

II

Before the Court can enter default judgment, it must find that process was properly served.[1] *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). An entity defendant may be served in the manner prescribed for serving an individual or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(A), (B).

---

[1] The Court also has the duty to evaluate its jurisdiction both over the subject matter and the parties. *D'Onofrio v. Il Mattino*, 430 F. Supp.2d 431, 437 (E.D. Pa. 2006) (citations and internal quotation marks omitted). Hartford has sufficiently pled both. (Compl. ¶¶ 2–5, 12). Hartford alleges that MRH operates a business in Pennsylvania, establishing "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316–17 (3d Cir. 2007) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Moreover, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Hartford is an Indiana corporation with a principal place of business in Connecticut; MRH is a Pennsylvania corporation with a principal place of business in Norristown, Pennsylvania. The amount in controversy is $77,442.71.

The Federal Rules also permit service by "following state law for serving a summons . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Pennsylvania law, service on a corporation may be made by "handing a copy to any of the following persons" including an executive officer, partner or trustee of the corporation, the manager, clerk or other person for the time being in charge of any regular business or activity of the corporation, or an agent authorized by the corporation in writing to receive service of process. Pa. R. Civ. P. 424. A person "for the time being in charge" must either be "an individual with some direct connection to the party to be served or one whom the process server determines to be authorized, on the basis of [his] representation of authority, as evidenced by the affidavit of service." *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 486 (3d Cir. 1993). Such a person should either "derive or appear to derive authority from the party upon whom service is attempted." *Id.* at 486. At bottom, "there must be a sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it." *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 920 (Pa. 1997).

Here, Hartford provides an affidavit from process server Robert Wagner, who served Alex Castro with process on May 11, 2023, at MRH's alleged principal place of business. (ECF No. 11). Wagner determined Castro to be a person authorized to accept service after asking Castro and confirming that he was. (*Id.* ¶ 6). Providing service to such a person would be "reasonably calculated to give [MRH] notice of the action against it." *Cintas Corp.*, 700 A.2d at 920.

3

III

"A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations and internal quotation marks omitted). Courts need not, however, accept Hartford's legal conclusions or allegations relating to the amount of damages. *Id.* Therefore, before granting a default judgment, courts must determine whether a legitimate cause of action exists, as "a party in default does not admit mere conclusions of law." *DirecTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (internal quotation marks omitted).

A

Hartford alleges that MRH violated the insurance contract by failing to fully pay the premiums. To establish a breach of contract claim, a plaintiff must show: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) damages.[2] *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v.*

---

[2] There is no mention of a choice of law provision in the complaint or the motion for default judgment. The parties are from Pennsylvania, Indiana and Connecticut. Federal courts sitting in diversity cases apply the choice of law rules of the state in which they sit. *Klaxon Co. v. Stentor Electric Mfg. Co., Inc.*, 313 U.S. 487 (1941). "If the parties have not agreed upon a choice of law, Pennsylvania employs a two-step process to resolve choice-of-law questions." *Atl. Pier Assocs., LLC v. Boardakan Rest. Partners*, 647 F. Supp.2d 474, 487 (E.D. Pa. 2009) (citing *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 230 (3d Cir. 2007)). First, the Court must determine whether there is any conflict between Pennsylvania, Indiana and Connecticut law. If all three would lead to the same result, there is no conflict, and Pennsylvania law applies.

The Court finds no conflict between Pennsylvania, Indiana and Connecticut law, and therefore, Pennsylvania law applies. *Compare Berg v. Berg*, 170 N.E.3d 224, 231 (Ind. 2021) ("The essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages."); *CCT Communications, Inc. v. Zone Telecom, Inc.*, 172 A.3d 1228, 1240 (Conn. 2017) ("The elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages."); *Reeves v.*

*Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016).  Hartford alleges it issued to MRH workers' compensation insurance policies for 2019-2020 and 2020-2021, and that MRH breached the contract by failing to pay the premiums owed, resulting in damages of $77,442.71.[3]  (Compl. ¶¶ 6–12).

B

Federal Rule of Civil Procedure 55(b)(2) authorizes a district court to enter a default judgment against a properly served defendant who fails to file a responsive pleading.  *See Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).  Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default judgment is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether the defendant's delay is due to culpable conduct.  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

On balance, the *Chamberlain* factors support granting the motion.  First, denying the motion will prejudice Hartford because a plaintiff "will be prejudiced absent a default judgment when a defendant fails to respond to the plaintiff's claims because the plaintiff will be left with no other means to vindicate [them]."  *United*

---

*Middletown Athletic Ass'n*, 866 A.2d 1115, 1125 (Pa. Super Ct. 2004) ("Generally, for a plaintiff to maintain a successful cause of action for breach of contract, the plaintiff must demonstrate the following: (1) the existence of a contract between the plaintiff and defendant, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) damages resulting from a breach of that duty.").  Although the elements differ slightly in Connecticut, applying them would yield the same substantive result as Pennsylvania and Indiana.

[3]   Because Hartford adequately alleges a breach of contract claim, and the account stated and unjust enrichment claims rest on the same allegations and request the same relief as the breach of contract claim, the Court need not address them.  *See Zurich Am. Ins. Co. of Ill. v. Option Staffing Servs., LLC*, No. 20-4481, 2021 WL 860413, at *2 n.2 (E.D. Pa. Mar. 8, 2021).

*States v. Tran*, No. 21-730, 2022 WL 159734, at *2 (E.D. Pa. Jan. 18, 2022) (internal quotation marks omitted).  Over a year has passed since Hartford served MRH, and MRH has not participated in this case at all, "portending an indefinite delay without default judgment." *See id.*

The second factor—whether MRH has a litigable defense—favors entering a default judgment because MRH never answered, responded or otherwise participated in this litigation.  The Court may presume, therefore, that MRH, an "absent defendant," has no meritorious defense. *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp.3d 261, 271–72 (E.D. Pa. 2014) (adding "it is not the court's responsibility to research the law and construct the parties' arguments for them").

The third factor—whether MRH's delay is due to its own culpable conduct—is at least neutral, and at most, a factor favoring entry of default judgment.  Some courts consider the third factor neutral where the defendant's motivations for not participating in the litigation are unclear.  *See State Farm Fire & Cas. Co. v. Hunt*, No. 14-6673, 2015 WL 1974772, at *5 (E.D. Pa. May 4, 2015).  Others have found the failure to engage in litigation sufficient to satisfy culpable conduct.  *See Penumella v. Pham*, No. 22-1197, 2023 WL 9004918, at *5 (E.D. Pa. Dec. 28, 2023).  Hartford served MRH in May 2023, notified MRH of its first motion for default judgment on or about November 8, 2023, and again notified MRH of present motion on or around July 17, 2024.  (ECF Nos. 5, 9, 12).  MRH still has failed to appear or otherwise defend.  Whether this factor is neutral or in favor of default judgment, overall analysis of the three factors favors entry of default judgment.

IV

After granting a motion for default judgment, courts must calculate the appropriate damages.  *See Rios v. Marv Loves 1*, No. 13-1619, 2015 WL 5161314, at *13 (E.D. Pa. Sept. 2, 2015).  "There must be an evidentiary basis for the damages sought," and courts may determine there is sufficient evidence "based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Allstate Ins. Co. v. Nw. Med.*, No. 23-2480, 2023 WL 7185566, at *3 (E.D. Pa. Oct. 31, 2023) (internal citation omitted).

Hartford seeks $77,442.71, and its attached declaration from Michele Moran, a company representative, sufficiently establishes that amount as the proper calculation. Hartford issued workers' compensation insurance to MRH for 2019-2020 and 2020-2021.  (Moran Declaration, pp. 1–2, ECF No. 10-1).  Pursuant to the policy, MRH agreed to pay certain premiums, but those premiums were subject to adjustment after an audit of MRH's books and records.  (*Id.* at 2–3).  Hartford conducted an estimated audit for the 2019-2020 term and determined MRH owed $16,912.67 in additional premiums.  (*Id.* at 3).  It conducted another audit for the 2020-2021 term and determined MRH owed another $60,530.04.  (*Id.*)  Collectively, these debts total $77,442.71.  (*Id.*)

An appropriate Order follows.

7

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.